STATE *v.* LOUIS LAPOINT.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Burglary—Elements—"Breaking"—Exceptions to Charge—Requested Instructions—Instructions on Circumstantial Evidence—Sufficiency.*

Where the door of a freight car is, partly open, the pushing it further open in order to effect an entry for the purpose of committing larceny therein constitutes a "breaking" that is sufficient to support a charge of burglary.

Where a respondent presented 23 requested instructions, some of which were granted, and excepted to the refusal to charge in accordance with each request and to the charge as given on the subject-matter of each request, the exception was too general to reserve any question.

An exception to the instruction that "an intent to steal may be inferred from the larceny alone," as being improper in the circumstances of the case, is insufficient to direct the court's attention to the complaint that the court charged that the only way the intent could be determined was from the circumstances, thus excluding from consideration respondent's testimony as to his intent.

Where one charged with burglary admitted the entry and the subsequent larceny, but denied that he entered with the intent to commit larceny, it was not error for the court to refuse to charge that, in order to convict where the only evidence of intent is circumstantial, the circumstances must be such as to exclude every reasonable hypothesis except that of guilt.

INFORMATION charging burglary. Plea, not guilty. Trial by jury at the September Term, 1912, Chittenden County, *Taylor*, J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted. The opinion states the case.

*Joel W. Page* and *Guy M. Page* for the respondent.

*Theodore E. Hopkins*, State's Attorney, and *Henry B. Shaw* for the State.

Respondent's act in pushing further open the car door that he found open an inch was a "breaking" sufficient to support the charge of burglary. *People* v. *White*, 153 Mich. 617, 17 L. R. A. (N. S.) 1103; *Claiborne* v. *State*, 68 L. R. A. 859; *Com.* v. *Stephenson*, 8 Pick. 355; *State* v. *Sorensen*, 138 N. W. 411; *State* v. *Henderson*, 110 S. W. 1078; *Hays* v. *State*, 100 S. W. 926; *State* v. *Conners*, 64 N. W. 295; *State* v. *Moon*, 64 Pac. 609; *May* v. *State*, 24 S. 498; *Collins* v. *Com.*, 143 S. W. 35.

MUNSON, J. The respondent was tried on an information in two counts, the first of which charged burglary and the second larceny; and a conviction was had on the first count. The place entered was a freight car, forming part of a train moving from Richmond to Waterbury. The only direct evidence as to the breaking was that of the respondent, who testified that he and his associate found the door of the car open about an inch, and pushed it open about half way and climbed in. The re-

spondent has raised by several motions and exceptions the question whether this was sufficient to constitute a breaking.

It may be conceded at the start that by all the earlier cases, and by the great weight of authority to the present day, the further opening of a door left ajar, or of a window slightly raised, is not such a breaking as is essential to the crime of burglary. This being the situation, our examination of the cases will have reference mainly to the reasons given for the rules adopted, and the consistency with which the rules have been applied.

Blackstone says that "if a person leaves his doors and windows open it is his own folly and negligence." 4, *226. This is the same as saying that the law will not undertake to protect by its penalties a man who is not diligent to protect himself. But this is not the rule in other branches of the criminal law; and we do not see that the fact that this crime consists merely of an entrance with intent to commit a further crime calls for any distinction. A man may recklessly and unnecessarily pass through a group of men excited to the point of violence, but if he is assaulted the penalty will follow. A man may issue a check so carelessly drawn as to afford an attractive opportunity for alteration, but the man who makes the alteration will be guilty of forgery. A woman may associate with men under circumstances of great imprudence, but if a criminal advantage is taken of her situation the act will nevertheless be rape. Then why should not one who is tempted to enter a dwelling with felonious intent by seeing a door which has carelessly been left ajar, be held guilty of burglary?

But let us keep the discussion within the limits of the law of the subject. A man may have locks on all his doors and windows, and if he closes the doors and windows without turning a lock, this is not to be accounted negligence. But if in addition to the non-use of his fastenings he leaves a window sash slightly raised, his negligence becomes a shield to the intruder. This distinction evidently turns upon the theory, prominent in both early and recent cases, that the manifest carelessness of the householder tempts the passer-by to enter. It is doubtless true that a window partly raised or a door standing ajar may attract attention and be a temptation to one who might not be disposed to try a window or door to see if it was unfastened. But other conditions quite as likely to attract attention and

tempt the observer have been held sufficient to support the charge; for instance, a network of twine covering a window space otherwise open, or a chain attached to the outside of a door and hooked over a nail. *Com.* v. *Stephenson,* 8 Pick. 354; *State* v. *Hecox,* 83 Mo. 531. And one court has disagreed upon and left undecided the question of breaking, where the covering of a window opening was a cloth hanging from two nails in the top of the window frame. *Hunter* v. *Com.,* 7 Gratt. 641, 56 Am. Dec. 121.

The word "breaking" implies the use of force, but it is universally held that the slightest force will be sufficient. It is evident that the question of force has no bearing upon the distinctions affecting this case as they are established by the decisions. The mere lifting of a closed window is a sufficient breaking, but the further raising of a partially opened window is not. The pushing open of a closed but unlatched door is a sufficient breaking, but the pushing back of one found standing ajar is not. And yet the force used in the two cases of either class is of the same character and degree, differing only in the continuance of the effort.

It is said by way of a general designation that the thing moved or displaced to permit the entrance must be something which is relied upon as a security against intrusion and a means of safety to person and property. The cases show how little this means. No provision for safety is required beyond what is included in the barest construction of a building intended to meet the requirements of civilized life. The occupant may rely upon substances and conditions which are altogether wanting in real security,—provided no opening whatever is left. The requirement, as applied to the ordinary means of entrance, is limited to measures which are about equally adapted to guard against the entering of strangers bent on crime and the unceremonious intrusion of friends.

It has always been held that an entrance through a chimney is a breaking. It is said that a chimney is as much closed as the nature of things will permit—that it is a necessary opening and needs protection. The pushing open of a closed but unfastened transom, that swings horizontally on hinges over an outer door of a dwelling-house, is a breaking. *Timmons* v. *State,* 34 O. St. 426, 32 Am. Rep. 376. But if it were left to hang slightly away from the frame it would not be a breaking to push

it further,—unless it were held otherwise on the ground that the position of the transom was such that the condition in which it was left would not be likely to attract attention. In other words, if such a transom is left in a position to serve in the slightest degree the purpose for which it was put on hinges, an entrance by way of it will not be a breaking. If an upper sash sustained only by a pulley weight is left in position, it will entitle the household to the protection of the law. *Rex* v. *Haines, Russ. & Ry.,* Cr. Cas. 451. But if it be left a little lowered, an entrance effected by pulling it down will not subject the intruder to the penalty. As far as the law is concerned, the necessities of convenient, unobstructed and adequate ventilation have thus far yielded to the theories which burden the inmate with the duty of protecting the outsider from temptation. The incongruity of this situation cannot well be overlooked in a time when the necessity of a constant and abundant supply of fresh air is so generally recognized.

Whatever reasons may formerly have existed for making this distinction, there seems to be none for maintaining it longer. The offence consists in breaking and entering with felonious intent; and the real breaking is the removal of the obstruction which, if left as found, would prevent the entering. The fact that a quarter of an inch of the space needed to effect an entrance existed before the intruder commenced operations ought not to relieve him from the penalty. The point has never before been brought to decision in this State. The only cases we know of which directly support the view taken are *Claiborne* v. *State,* 113 Tenn. 261, 83 S. W. 352, 68 L. R. A. 859, 106 Am. St. Rep. 833; *People* v. *White,* 153 Mich. 617, 117 N. W. 161, 17 L. R. A. (N. S.) 1102, 15 Ann. Cas. 927; *State* v. *Sorensen,* 138 N. W. 411 (Iowa). Convenient references to the cases generally will be found in the notes to *People* v. *Richards,* 2 Am. St. Rep. 383; *State* v. *Vierck,* 139 Am. St. Rep. 1047.

The respondent submitted twenty-three requests to charge, some of which were complied with. He excepted to the refusal to charge in accordance with each request, and to the charge as given on the subject-matter of each. The exception was too general to be of avail.

Complaint is made that the court charged that the only way the intent could be determined was from the surrounding circumstances, thus excluding from consideration the respond-

ent's testimony regarding his intent. The exception taken was to the charge that "an intent to steal may be inferred from the larceny alone, as improper under the existing circumstances of the case." There was nothing in this to direct the court's attention to the point now argued.

It is claimed that the court misstated the testimony as to the door being closed when the train left St. Albans, and as to its being closed until after the car was looked over at Bolton, and in saying that the respondent's evidence tended to show that Bolton was the place where the car was broken into. The first statement was incorrect but harmless; the second was justified by the testimony of the conductor; and no exception was taken covering the third.

The court charged fully on the subject of reasonable doubt as applied to the element of intent. The respondent excepted to the failure to charge that in order to convict where the only evidence of intent is circumstantial, the circumstances must be such as to exclude every reasonable hypothesis consistent with the respondent's innocence. The respondent's testimony negatived the existence of an intent to steal at the time of entering. The evidence of felonious intent adduced by the State, unless of confessions by the respondent, is necessarily circumstantial. It has not yet been held in this State that the failure to give the above instruction where the evidence is wholly circumstantial, is error; and it certainly ought not to be so held in respect to burglarious intent, where the respondent has testified to the entering and to a subsequent larceny, and has also testified regarding his intent.

*Judgment that there is no error and that the respondent take nothing by his exceptions.*