## State of Vermont v. John Boutin

[352 A.2d 689]

### No. 210-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed February 4, 1976

*Francis X. Murray,* Chittenden County State's Attorney, and *Susan Harritt,* Deputy State's Attorney, Burlington, for the State.

*Robert Edward West,* Defender General and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Daley, J.** The defendant was charged and convicted of burglary in the nighttime in violation of 13 V.S.A. § 1201. Specifically, he was charged with feloniously breaking and entering in the nighttime the building of the Old Board Restaurant wherein personal property the subject of larceny was situated with the intent to commit larceny. He now appeals, contending that the State failed to prove his guilt beyond a reasonable doubt by not proving that the offense was committed in the nighttime. He also claims that the court erred in its supplemental instructions to the jury regarding the question of intent, and in its failure to impose sanctions upon the State for its noncompliance with Rule 16(a) (2) (D) of the Vermont Rules of Criminal Procedure.

There are two grades of burglary in this jurisdiction. See *State* v. *Newell,* 93 Vt. 81, 106 A. 561 (1919). Burglary in the nighttime is the more serious offense and carries, upon conviction, a more severe penalty than does a conviction of daytime burglary. For a conviction of nighttime burglary, a maximum imprisonment of not more than fifteen years is provided, 13 V.S.A. § 1201, whereas, for a conviction of daytime burglary, the maximum imprisonment is ten years. 13 V.S.A. § 1202.

The State, having charged the defendant with a violation of 13 V.S.A. § 1201, burglary in the nighttime, was bound to prove all of the elements of burglary set forth in its information, including the element of nighttime.

At the close of the State's evidence, the defendant moved for a verdict of acquittal on the ground that the evidence was insufficient to sustain a conviction of the offense charged. The court denied the motion, but stated, "the jury will be instructed, however, if it goes to the jury, that the evidence shows that this act had occurred after daylight and it is a lesser included offense." The prosecution stated that it had no objection to this.

■ ■ Assuming that the court viewed the evidence in the light most favorable to the State, as it was bound to do, see *State* v. *Levesque,* 132 Vt. 585, 326 A.2d 174 (1974), its ruling implied that the State had failed in its proof of the offense charged. It therefore should have granted the defendant's motion for acquittal; or in the alternative, placed before the jury only the question of whether or not there was a breaking and entering of the building by the defendant in the daytime. However, the jury, without any definition of the terms nighttime or daytime, was instructed that it could find the defendant guilty if it found that the State had proved the elements of the offense and that, if it could not find that the offense was committed in the nighttime, it could find him guilty of burglary in the daytime. The jury returned a verdict under 13 V.S.A. § 1201, burglary in the nighttime. Interestingly, the trial judge, when the forelady reported the verdict, summoned counsel to the bench and stated, "Would you like to have me direct the jury to change that to daytime?" The prosecutor answered, "I don't care. There is no evidence of nighttime". The court then added, "There was no evidence it was daytime or nighttime." The jury verdict was ultimately accepted by the court. The defendant thereafter followed the proper procedures to preserve his objections to the verdict and to the judgment based upon it.

Although the defendant did not take a specific objection to the court's failure to define nighttime, we are of the opinion, upon our review of the record and the evidence introduced by both the State and the defendant, that such failure was a grave error on the part of the trial court adversely affecting the defendant's right to a fair trial. See *State* v. *Morrill,* 127 Vt. 506, 253 A.2d 142 (1969).

Not only did the State concede that it had failed in its proof as to a requisite element, but the trial court erred in submitting to the jury for its consideration the question of whether 13 V.S.A. § 1201 had been violated. The instruction as given, lacking any definition of either daytime or nighttime, permitted the jury to speculate as to material elements which the State admittedly failed to prove. Every man has a right to a fair trial, and we cannot say that the defendant's right in this respect has been preserved if a verdict of guilty is allowed to stand when both the prosecutor and the trial court are of the

expressed conviction that the offense as charged was not proven.

The court erred in its denial of the defendant's motion for acquittal and in its instructions to the jury. We regard these errors as prejudicial and therefore need not discuss the other claims of error made by the defendant.

*Judgment reversed.*