## State of Vermont v. Joseph Harris Dupaw

[365 A.2d 967]

No. 277-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed September 17, 1976

Motion for Reargument Denied October 15, 1976

*Ronald F. Kilburn,* Franklin County State's Attorney, and *Edward P. Freeman* (On the Brief), St. Albans, for Plaintiff.

*Robert Edward West,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Smith, J.** The present appeal arises from the conviction of appellant Joseph Dupaw in the District Court of Vermont, Unit No. 3, Franklin Circuit, for the offense of armed robbery, in violation of 13 V.S.A. § 608(b). In-depth recitation

of the facts involved in the commission of the crime is not required in the context of the current appeal. Appellant has raised several serious questions concerning the propriety of the verdict. Arguing on the basis of the standard established by this Court in *Woodmansee* v. *Stoneman*, 133 Vt. 449, 344 A.2d 26 (1975), he alleges that the State's case consisted solely of circumstantial evidence that failed to negate every reasonable theory of the facts except that of his guilt, thereby affording no support for the verdict.

As an additional ground for reversal of the judgment below, appellant contends that certain oral testimony concerning physical evidence suppressed as products of an illegal search and seizure was erroneously allowed into evidence by the trial court. Appellant claims that such action was a clear violation of a criminally accused's protection against unlawful searches and seizures provided by the Fourth Amendment of the United States Constitution and the Eleventh Article of the Declaration of Rights of the Vermont Constitution. For the purposes of this appeal, we will consider this later assignment of error first.

On January 5, 1975, the presiding judge of the District Court of Vermont, Unit No. 3, Franklin Circuit, issued a warrant for the arrest of appellant Dupaw. The basis for this warrant was an affidavit of probable cause signed by the Deputy State's Attorney for Franklin County, stating that the subject of the warrant had been described by witnesses as a participant in an armed robbery in Swanton, Vermont. At a later hearing held on appellant's motion to suppress, it was determined that the allegations of the affidavit were utterly devoid of factual support. As a result of this finding, the trial court ruled that any evidence of a physical nature, specifically the defendant's shoes and the tire treads of the automobile in which he was apprehended, seized in connection with the arrest, would be excluded. However, the court refused to suppress the oral testimony of two law enforcement officers as to their examination and evaluation of the physical evidence itself.

Since there can be no doubt that the arrest and resultant seizures were illegal, the issue before us involves the scope to be afforded the exclusionary rule in its role as a pro-

tective device for the guarantees of the Fourth Amendment. As is the case with any remedial doctrine, the applicability of the exclusionary rule has been limited to those situations where its objectives are best served. *United States* v. *Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). While we are aware of the fact that some allowance need be made for minor errors on behalf of those striving to meet the duties of their office, we can see no good reason for overlooking relevant misstatements in affidavits for arrest warrants. This is especially so when one considers that warrants issue ex parte and wholly on the basis of such affidavits. *United States* v. *Belculfine*, 508 F.2d 58, 62–63 (1st Cir. 1974). Therefore, to effectuate the fundamental guarantees provided by the Fourth Amendment of the United States Constitution and the Eleventh Article of our State Constitution, we feel that the exclusionary prohibition should be extended to cover the indirect as well as the direct products of the unlawful arrest. Indeed, this was the position taken by the First Circuit Court of Appeals in *McGinnis* v. *United States*, 227 F.2d 598, 603 (1st Cir. 1955), where in it stated:

> We find no basis in the cases or in logic for distinguishing between the introduction into evidence of physical objects illegally taken and the introduction of testimony concerning objects illegally observed.

It is significant that the United States Supreme Court chose to cite the above case with approval in its landmark decision, *Wong Sun* v. *United States*, 371 U.S. 471, 487–88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In that case the Court established the standard by which the proper scope of the exclusionary rule is to be determined.

> We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt, 221 (1959).

Clearly, this standard is in harmony with the Supreme Court's ruling in *Silverthorne Lumber Co.* v. *United States,* 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920):

> The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed.

From the foregoing, we can only conclude that the observations of the two police officers were erroneously admitted into evidence.

The State seeks to dispel the "taint" of the invalid arrest warrant by contending that at the time of the apprehension of Dupaw the police were possessed of sufficient probable cause to make a lawful warrantless arrest. Although it appears that this line of argument is open to the State, see *People* v. *Wright,* 41 Ill.2d 170, 242 N.E.2d 180 (1968), *cert. denied,* 395 U.S. 933, 89 S.Ct. 1993, 23 L.Ed.2d 448 (1969), the simple fact is that on the sparse information at the officers' command, no probable cause sufficient for a warrantless arrest could have existed. *Beck* v. *Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Whiteley* v. *Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

■ A review of the proof placed before the jury, the sole criterion by which the evidentiary propriety of the verdict is weighed, a fact obviously overlooked by the State in its brief, demonstrates the following: (1) Appellant Dupaw knew another alleged participant in the offense and had picked him up in a blue Chevrolet a week prior to the robbery and had called him on the day of the offense; (2) appellant was present in the company of this same individual at a local bar some four hours before the robbery; (3) imprints of tire treads at the scene of the crime were similar to the tire treads on the blue Chevrolet driven by Dupaw when arrested on the day follow-

ing the robbery; (4) footprints observed at the scene of the robbery were similar to the soles of the shoes worn by Dupaw when arrested; (5) at the time of the arrest, Dupaw was driving a blue Chevrolet and was accompanied by this same alleged participant in the robbery.

This evidence, wholly circumstantial in nature, is hardly of the sort that will satisfy the test established in *Woodmansee* v. *Stoneman, supra.* It tends to conclusively establish little more than that the appellant was acquainted with an individual alleged to have been involved in the crime, and had been in his company in the area on the day of its commission. Indubitably, such a showing does not support the verdict.

*The judgment and sentence of the District Court of Vermont, Unit No. 3, Franklin Circuit is reversed and set aside.*