# State of Vermont v. Frederick J. Angelucci

[373 A.2d 834]

No. 230-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

Motion to Stay Mandate Denied February 2, 1977;
Motion for Reargument Denied February 17, 1977

*Gregory W. McNaughton*, Washington County State's Attorney, and *Paul F. Hudson*, Assistant Attorney General, Montpelier (On the Brief), for Plaintiff.

*Robert J. Kurrle*, Montpelier, for Defendant.

**Hill, J.** On November 6, 1975, defendant Frederick J. Angelucci was arrested and subsequently charged by criminal information brought by the Washington County State's Attorney for a violation of 13 V.S.A. § 1202, burglary in the daytime. This charge involved an incident which transpired in the Town of Woodbury, Vermont, on the morning of November 6, 1975, at the residence of one Howard Fletcher, Sr. The facts produced at the trial indicate that between the hours of 8:30 and 9:45 a.m. the Fletcher home was broken into and several items of personal property removed therefrom. On the basis of certain witnesses' identification of Mr. Angelucci near the scene of the theft, the State contends that defendant was the perpetrator of this alleged offense. Trial by jury was had in the District Court of Vermont, Unit No. 5, Washington Circuit. Several days of hearings were held. At the close of the State's case, the defendant moved pursuant to V.R.Cr.P. 29(a) for a judgment of acquittal. The motion was denied and the jury returned a verdict of guilty. Immediately thereafter, defendant filed motions for a judgment of acquittal, for a new trial, and for a dismissal on the ground of a lack of a speedy trial. All these motions were heard and denied by the trial court, and a judgment of guilty ordered entered. Defendant now brings his appeal from the judgment rendered against him.

The primary basis upon which the defendant seeks to challenge the verdict entered against him is that the substance of the proof brought forth by the State at trial was insufficient to establish his guilt, and that the trial court erred by refusing to grant his motions for a judgment of acquittal.

In passing upon the propriety of the trial court's denial of defendant's motions for a judgment of acquittal, the test to be applied is whether the State introduced evidence that would fairly and reasonably allow a jury to find the defendant guilty beyond a reasonable doubt. *State* v. *Ciocca*, 125 Vt. 64, 73, 209 A.2d 507 (1965); *State* v. *Ballou*, 127 Vt. 1, 3, 238 A.2d 658 (1968).

It is our view that, in light of the facts shown at trial, appellant's claim that the evidence was insufficient to support his conviction is well founded and dispositive of his appeal. Consequently, we will restrict our consideration of the case to this one particular issue.

When testing the sufficiency of the evidence to support a verdict of guilty, we, as an appellate court, are required to gauge that evidence in its aspect most favorable to the State. *State* v. *Fox*, 123 Vt. 82, 83, 181 A.2d 74 (1962). However, by the same token, this Court has consistently subjected verdicts founded upon circumstantial proof to a strict standard of scrutiny. That standard has often been enunciated, but perhaps never so well as in the case of *State* v. *Goodhart*, 112 Vt. 154, 158, 22 A.2d 151 (1941):

> That proof of guilt could be made by circumstantial evidence is not open to doubt, but to produce that result the circumstances proved must do more than create a mere suspicion of guilt, however strong. . . . The circumstances shown must exclude every reasonable hypothesis except that the respondent is guilty. (citations omitted).

This test is obviously a rigorous one, but, given the nature of circumstantial evidence, justifiably so.

Circumstantial evidence is that proof offered of certain facts and circumstances from which the trier of fact may, by way of a process of rational inference, conclude that the ultimate facts in dispute existed or did not exist. 1 Wharton's *Criminal Evidence* § 6 (12th ed. 1955). Review of the evidence brought out at trial unequivocally demonstrates that the judgment below cannot survive application of the above test.

On the morning in question, Howard E. Fletcher, Jr., David Fletcher, and Stewart Bagley were working on a truck parked a short distance from the Howard B. Fletcher, Sr. residence. Two of the men testified that they saw a vehicle, later identified as one owned by the defendant, pull into the Fletcher, Jr. driveway and back out. Shortly thereafter, the three men went by car to the Howard B. Fletcher, Sr. home to obtain some booster cables. While leaving the Fletcher, Sr. driveway, all three observed a man running or crawling up an embankment located to the rear of the house. This individual was described as darkly attired and

carrying a "yellowish-gold" piece of cloth. At trial, all three of the witnesses positively identified this man as the defendant Frederick J. Angelucci.

One to one and one-half hours following the initial sighting, the defendant was arrested. Defendant had returned to the locale with a can of gas to prime the engine of his stalled automobile parked in a nearby pull-out area. At that time he was pointed out to the officers as the man previously seen running or crawling up the hill.

Subsequent investigation by the authorities indicated that access to the Fletcher residence was had through a rear window and that several objects, including a pistol, some ammunition, and a pocket watch were taken. All these items were discovered the following day in a yellow pillowcase hidden under a pile of leaves near the house.

■ ■ The foregoing is the extent of the evidence which associates the defendant with the offense for which he was convicted. Nowhere does the record reveal any evidence placing defendant in, or even touching, the house; nor is defendant shown to have had the removed items in his possession. Fingerprints, tire impressions and footprints at the scene all failed to link Mr. Angelucci with the offense. In order for a conviction of 13 V.S.A. § 1202 to stand, it must be shown that there was a breaking and entrance into the Fletcher residence by the defendant with the intent to commit a felony therein. *State* v. *Hogdon*, 89 Vt. 148, 94 A. 301 (1915). The fact that the defendant was observed near the scene undeniably links him by suspicion to the crime; but suspicion, no matter how strong, cannot replace evidence establishing by the requisite degree of proof the elements necessary to show the defendant's participation in the offense. *State* v. *Mecier*, 126 Vt. 260, 263, 227 A.2d 298 (1967).

Fundamentally, what we are faced with, then, is a man identified as defendant running or crawling up a hill behind the allegedly burglarized dwelling with an object described as a yellow piece of cloth in his hands. This evidentiary showing does little more than raise a conjecture or suspicion as to the existence of the *factum probandum*. As was aptly said by Justice Rutledge in *Galloway* v. *United States*, 319 U.S. 372, 386, 87 L.Ed. 1458 (1943), "Inference is capable of bridging many gaps. But not, in these circumstances, one so wide and deep as this." Any proof

posed in this case tending to establish the requisite elements of the offense charged is of the most tenuous sort and falls short of satisfying the standard set out in *State* v. *Goodhart, supra,* and recently re-asserted by this Court in the cases of *Woodmansee* v. *Stoneman,* 133 Vt. 449, 344 A.2d 26 (1975), and *State* v. *Dupaw,* 134 Vt. 451, 365 A.2d 967 (1976). On the state of the evidence it cannot, consistent with the dictates of criminal justice, be said that the proof was such as to exclude every reasonable hypothesis consistent with defendant's innocence and to remove the case from doubt and surmise. *State* v. *Levy,* 113 Vt. 459, 35 A.2d 853 (1944). Accordingly, we concur with defendant's contention that the evidence fails to exclude, as it must given its nature, every reasonable theory of the facts consistent with his innocence. There being insufficient evidence fairly and reasonably establishing the elements of burglary in the daytime as alleged, the defendant's motions for a judgment of acquittal should have been granted. *State* v. *Hart,* 119 Vt. 54, 58, 117 A.2d 387 (1955).

*The judgment is reversed and the verdict is ordered set aside. Judgment is entered that the appellant is not guilty and is to be discharged from any confinement based on this charge. To be certified down forthwith.*