# State of Vermont v. Mark D. Cline

[430 A.2d 455]

No. 467-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

*Mark J. Keller,* Chittenden County State's Attorney, and *Harold E. Eaton, Jr.,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, and *Stephen W. Gould,* Montpelier, for Defendant.

**Hill, J.** Respondent was tried and found guilty of breaking and entering in the nighttime in violation of 13 V.S.A. § 1201. As ground for error, he claims the State failed to prove the breaking element of the crime charged and that the judge should have granted his motion for a judgment of acquittal.

A male figure was spotted in the Burlington Planned Parenthood office around midnight on July 26–27, by a private security guard. The guard summoned police, who saw a man on the office building's roof. The man was ordered off the roof, and he complied. The security guard identified him as the person he saw earlier inside the office. Defendant was then placed in custody.

Defendant made a statement at police headquarters, admitting he entered the Planned Parenthood office and exited with some money. The money was later found by the police on the building's roof, where the defendant said he had left it.

Defendant moved to suppress the statements he had given to police. The motion was denied, and that decision is not challenged here.

Defendant waived his right to a jury trial.

■■ In order to convict for breaking and entering in the nighttime, the State must prove all the elements of the crime beyond a reasonable doubt. *State* v. *Boutin,* 134 Vt. 151, 152, 352 A.2d 689, 690 (1976). While it is the task of the trier of fact to weigh the evidence, see *State* v. *Norton,* 134 Vt. 100, 103, 353 A.2d 324, 326 (1976), it is incumbent upon the judge to dismiss the case if on the evidence provided by the State

he would not be justified in finding guilt on each element. *State* v. *Burclaff*, 137 Vt. 354, 357–58, 404 A.2d 512, 514 (1979).

■ "Breaking" is an essential element of the crime charged. See *State* v. *Angelucci*, 137 Vt. 272, 278, 405 A.2d 33, 36 (1979). It implies the use of force, *State* v. *Hart*, 119 Vt. 54, 58, 117 A.2d 387, 389 (1955), no matter how slight, *State* v. *Lapoint*, 87 Vt. 115, 118, 88 A. 523, 524 (1913). "[T]he real breaking is the removal of the obstruction which, if left as found, would prevent the entering." *Id.* at 119, 88 A. at 524.

■■ The State provides incomplete evidence on the element of breaking. Defendant's confession was introduced, including a statement that he entered the office through an upstairs window. Apparently, however, defendant was never asked whether he had to open the window to enter. Entering through an already open window is not sufficient to constitute a breaking. *Id.* A prosecution witness testified it was office policy to close the windows at night, but there was no evidence of who left the building last and whether anyone saw the windows were closed. Testimony about the office routine is inconclusive for proving the events on a particular day. *H. M. Farnham & Sons, Inc.* v. *Wark*, 99 Vt. 446, 450, 134 A. 603, 605 (1926). Evidence was presented that fingerprints were found on the outside of the window, but the significance is unclear, especially because they were never identified. The State claims, in addition, that a bamboo screen covering the window on the interior side was knocked aside by defendant, and that this constitutes a breaking. However, no more evidence was presented on this issue, reflecting the weakness of the State's entire case on the breaking element. No testimony was presented that the curtain was closed on the night in question. We consequently do not need to reach the question of whether pushing open an interior curtain is sufficient to constitute a breaking.

■ We must view the evidence in the light most favorable to the prevailing party. *State* v. *Angelucci*, 135 Vt. 43, 45, 373 A.2d 834, 835 (1977). But an essential element of a crime charged cannot be supplied by suspicion, however strong. *Angelucci, supra,* 137 Vt. at 278, 405 A.2d at 36. "The test laid

down in passing upon respondent's motion for a directed verdict is whether the State introduced evidence fairly and reasonably tending to show respondent's guilt, or in other words, whether the [trier of fact] on the evidence would have been justified in finding the respondent guilty beyond a reasonable doubt. A verdict of acquittal should be directed on motion by the respondent, when the evidence raises only a suspicion of guilt, or leaves it uncertain or dependent upon conjecture." *Hart, supra,* 119 Vt. at 57, 117 A.2d at 389 (citations omitted). The State's evidence does not establish the prima facie case necessary for finding defendant broke into the offices within the meaning of 13 V.S.A. § 1201. It is difficult to imagine why the State's Attorney, on the evidence he had, did not charge defendant with trespass and petit larceny. Defendant's motion for a judgment of acquittal should have been granted.

*Reversed and judgment of acquittal entered.*