### State of Vermont v. Danny Savo

[433 A.2d 292]

No. 300-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Mark J. Keller,* Chittenden County State's Attorney, *Nancy G. Sheahan,* Deputy State's Attorney, and *Timothy U. Martin,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, *Stephen Gould* and *Danforth Cardozo, III,* Law Clerk (On the Brief), Montpelier, for Defendant.

Larrow, J. A few minutes before 3:00 a.m. on May 17, 1980, a women who lived across from a Burlington restaurant awoke to the sound of breaking glass. Upon looking out her window she saw the defendant, whom she knew, picking glass out of one of the restaurant windows. A car approached and the defendant fled. The woman called the police; while on the phone she noticed the defendant had returned and entered the restaurant. The police arrived within minutes. They called for the defendant to come out; hearing no reply two officers entered the building. They found the defendant in the ladies room, either lying or crouched on the floor with a screwdriver in his lap. One of the officers pulled him out from under the sink and he was then placed under arrest. Both officers testified that the defendant displayed signs of drunkenness including slurred speech and difficulty in walking. Although the defendant was required to go through the restaurant to get to the ladies room nothing had been touched.

The defendant was convicted of burglary in the nighttime in violation of 13 V.S.A. § 1201. One of the essential elements of this offense is the presence of a specific intent, here to commit a larceny. *State* v. *McCann,* 133 Vt. 288, 290, 336 A.2d 190, 192 (1975). The issue of whether there was sufficient evidence of this element was not raised by the defendant's brief even though motions based on the insufficiency of the evidence were made at the close of the State's case-in-chief, and post trial. Nevertheless this Court has in the past stated it will review the question of the sufficiency of the evidence if plain error appears. *State* v. *Trombley,* 136 Vt. 333, 335, 338 A.2d 433, 435 (1978).

 Intent to commit a larceny at the time of entry, like the other elements of the crime, must be proven beyond a reasonable doubt. See *State* v. *Olds,* 140 Vt. —, — A.2d — (1982); *State* v. *Cline,* 139 Vt. 451, 430 A.2d 455 (1981). The test to be applied in passing upon the defendant's motion for a judgment of acquittal is whether the trier of fact on the evidence presented would have been justified in finding the defendant guilty beyond a reasonable doubt. *Id.* The evidence presented in the instant case plainly has no such cogency. The evidence here merely establishes an unlawful entry dur-

ing the night by a man who had been drinking, possessing a screwdriver, rapid arrival of the police and that the defendant passed through the restaurant on his way to the ladies room without disturbing anything. Evidence which only raises a suspicion of guilt, or leaves it uncertain or dependent upon conjecture is insufficient to withstand a motion for judgment of acquittal. *Id.* The evidence presented as a whole, even taken in the light most favorable to the State, fails to justify the submission of the question of intent to the jury. Disposition on this basis makes it unnecessary to consider his claims of improprieties in the instructions to the jury and the prosecutor's closing argument.

Our holding that there was insufficient evidence of intent requires that we consider one further issue, the possible entry of judgment for a lesser included offense. The trial court instructed the jury on unlawful trespass, 13 V.S.A. § 3705, which it believed to be a lesser included offense of burglary, 13 V.S.A. § 1201. In order for an offense to be lesser included "the elements of the lesser offense must necessarily be included within the greater offense." *State* v. *Bourn,* 139 Vt. 14, 15, 421 A.2d 1281, 1281 (1980). An analysis of the unlawful trespass statute reveals that they are not, at least in the present case.

When a nonresidence is involved, the unlawful trespass statute requires that the normal access to the building be locked, 13 V.S.A. § 3705(c), or that certain methods of notice against trespass be employed, 13 V.S.A. § 3705(a). These elements need not be proven to establish a burglary under 13 V.S.A. § 1201. The additional element of proof results in unlawful trespass not being a lesser included offense. The case of *State* v. *Nicasio,* 136 Vt. 162, 385 A.2d 1096 (1978), is therefore overruled insofar as it intimates that unlawful entry of a locked nonresidence is a lesser included offense of burglary in the nighttime. The trial court erred in giving the lesser included offense instruction. We are not, therefore, required to re-examine our cursory holding in *State* v. *Girouard,* 135 Vt. 123, 126, 373 A.2d 836, 838–39 (1977), to the effect that we are without authority to render judgment on the lesser

included offense. See *Austin v. United States,* 382 F.2d 129, 140–43 (D.C. Cir. 1967); *People v. Goedecke,* 65 Cal. 2d 850, 423 P.2d 777, 56 Cal. Rptr. 625 (1967).

*Judgment reversed and sentence vacated. Judgment of acquittal is entered.*