## State of Vermont v. Shawn Martell

[465 A.2d 1346]

No. 82-170

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 15, 1983

*Richard G. English,* Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *John Davis,* Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

Hill, J. Defendant was convicted after trial by jury of aiding in the crime of breaking and entering a dwelling house with intent to commit larceny, in violation of 13 V.S.A. § 1201. We reverse.

At approximately 4:00 p.m. on September 28, 1981, complainant, a resident of Starksboro, Vermont, was returning home after work when she observed an unfamiliar light green van back out of her driveway and proceed west on Route 17. Upon entering her home through a locked garage door, she noticed that the back door to the mudroom was open, and that the glass window of the interior door was shattered. Realizing that the house had been broken into, she ran to the kitchen to telephone the police.

When she entered the kitchen, she heard two voices and the sound of objects being thrown around, emanating from a rear bedroom. Thinking fast, the victim acted as if her son were with her and shouted: "Get the gun and shoot them in the back." Before fleeing, complainant caught a glimpse of one of the intruders, whom she later identified as the defendant. From outside, she watched the intruders rush off. Once they were gone, complainant returned to her house and discovered that a pillowcase, some jewelry, a coin collection and some old nickels

were missing. She immediately telephoned the police who, a short while later, apprehended defendant.

On appeal, defendant briefs three exceptions for our consideration, the first of which is whether the trial court's instruction to the jury, that "under the law a person is presumed to intend the natural and probable consequences of his acts," constitutes reversible error. Defendant asserts that the instruction, which permits an interpretation by a reasonable juror as requiring a conclusive presumption on the key element of intent, *State* v. *Savo,* 139 Vt. 644, 646, 433 A.2d 292, 293 (1981), is per se reversible error. Stated in the alternative, defendant contends that the issuance of the instruction, which is almost identical to the one held unconstitutional in *Sandstrom* v. *Montana,* 442 U.S. 510 (1979),[1] may never be considered harmless error.

In essence, defendant reasons that the effect of the conclusive presumption contained within the instruction is to shift unconstitutionally the burden of proof on the element of intent. *State* v. *Dusablon,* 142 Vt. 95, 97, 453 A.2d 79, 81 (1982) (citing *Patterson* v. *New York,* 432 U.S. 197, 215 (1977)). As a result, defendant claims that the State is relieved of its burden of proving every element of the crime charged beyond a reasonable doubt, *In re Winship,* 397 U.S. 358, 364 (1970), while he is deprived of " 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.' " *Connecticut* v. *Johnson,* 103 S. Ct. 969, 978 (1983) (quoting *Chapman* v. *California,* 386 U.S. 18, 23 (1967)).[2]

We begin with a review of the jury charge. *State* v. *Dusablon, supra,* 142 Vt. at 98–99, 453 A.2d at 81; *State* v. *Gokey,*

---

[1] In *Sandstrom,* the actual charge was stated as follows: "The law presumes that a person intends the ordinary consequences of his voluntary acts." *Sandstrom* v. *Montana, supra,* 442 U.S. at 513.

[2] This Court was asked to undertake a similar analysis in *State* v. *Dusablon, supra.* In *Dusablon,* the trial court instructed the jury as follows: "It is ordinarily reasonable to infer that a person intends the reasonable and probable consequences of an act knowingly done or knowingly committed." After reviewing the charge in its entirety, we held that a reasonable juror could only interpret the charge "as giving rise to a permissive inference, rather than a mandatory presumption, of specific intent to steal." *Id.* at 98–99, 453 A.2d at 82. Thus, that case is clearly distinguishable from the instant cause, and our holding today does not in any way affect our decision in *Dusablon.*

136 Vt. 33, 36, 383 A.2d 601, 602 (1978). The trial court commenced its jury charge by correctly explaining that the instructions had to be considered in their entirety, that defendant was presumed innocent, and that the State had the burden of proving the essential elements beyond a reasonable doubt. With respect to the issue of intent, the trial court specifically instructed the jury as follows:

> [T]he State must show beyond a reasonable doubt that the defendant broke and entered into this dwelling house with the intent to commit larceny and the essential aspect of this element is the defendant's intent or state of mind. . . . [T]he question of the defendant's intent is one for you the jury to consider based on all the circumstances brought before you during the course of this trial. *Under the law a person is presumed to intend the natural and probable consequences of his acts.* And you as jurors must look into all the circumstances surrounding the offense in order to establish whether the defendant engaged in the acts alleged with the intent to commit a larceny, and if you so find beyond a reasonable doubt then the State has met its burden of proof as to that element. (Emphasis added.)

Next, in reference to its circumstantial evidence explanation, the trial court stated that "[o]ne or more of the essential elements or all of them may be established by probable and reasonable deduction or inference from other facts which have been established by direct testimony." Following the close of the jury instructions, defendant renewed his earlier objections to the emphasized portion of the charge.

　　In its brief, the State first claims that the additional instructions given by the trial court served to correct the "presumed consequences" portion of the charge. Like *Sandstrom*, however, a review of the charge in this case reveals nothing "rhetorically inconsistent with a conclusive or burden-shifting presumption." *Sandstrom v. Montana, supra,* 442 U.S. at 518–19 n.7. Since "we cannot discount the possibility that [defendant's] jurors actually did proceed upon one or the other of these . . . interpretations," *id.* at 519, the instruction clearly

violated defendant's right to due process of law. *State* v. *Dusablon, supra,* 142 Vt. at 98, 453 A.2d at 81.

■■ The State next contends that the error was harmless. The issue of whether a charge which may reasonably be interpreted as calling for a conclusive presumption on the issue of intent may be considered harmless error, expressly left open in *Sandstrom* v. *Montana, supra,* 442 U.S. at 527, was specifically addressed by a sharply divided Supreme Court in *Connecticut* v. *Johnson, supra.* In *Johnson,* the majority's plurality opinion viewed a conclusive presumption on the issue of intent as being "the functional equivalent of a directed verdict on that issue," *id.* at 976, and held that the error may never be considered harmless. *Id.* at 978. We find the majority's analysis both persuasive and compelling:

> An erroneous presumption on a disputed element of the crime renders irrelevant the evidence on the issue because the jury may have relied upon the presumption rather than upon that evidence. If the jury may have failed to consider evidence of intent, a reviewing court cannot hold that the error did not contribute to the verdict. The fact that the reviewing court may view the evidence of intent as overwhelming is then simply irrelevant. To allow a reviewing court to perform the jury's function of evaluating the evidence of intent, when the jury never may have performed that function, would give too much weight to society's interest in punishing the guilty and too little weight to the method by which decisions of guilt are to be made.

*Id.* at 977; see also *Chapman* v. *California, supra,* 386 U.S. at 44 (Stewart, J., concurring) ; *Dietz* v. *Solem,* 640 F.2d 126, 131 (8th Cir. 1981) ; *Hammontree* v. *Phelps,* 605 F.2d 1371, 1380 (5th Cir. 1979) ; *State* v. *Truppi,* 182 Conn. 449, 466, 438 A.2d 712, 721 (1980), *cert. denied,* 451 U.S. 941 (1981).

■ In view of the principles outlined above, and given our consistent position that "a judge's lightest word or intimation is received by a jury with great deference, and may prove controlling," *State* v. *Camley,* 140 Vt. 483, 489, 438 A.2d 1131, 1134 (1981) (citing *Quercia* v. *United States,* 289 U.S. 466, 470 (1933) ), we hold that the issuance of an instruction sus-

ceptible of interpretation by a reasonable juror as requiring a conclusive presumption on an essential element of the crime charged may never be deemed harmless error. Accordingly, defendant's conviction must be reversed. In light of our disposition of this case, we need not address defendant's remaining issues.

*Reversed and remanded for new trial.*