COMMONWEALTH *vs.* WILLIAM J. BURKE. November 16, 1983. *Breaking and Entering.*

The defendant argues that it was error to deny his motion brought under Mass.R.Crim.P. 25(*a*), 378 Mass. 896 (1979), for a required finding of not guilty on a complaint charging him with breaking and entering a building in the nighttime with the intent to commit a felony. G. L. c. 266, § 16.

Applying the standard set out in *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), we conclude that the Commonwealth failed to meet its burden of proving a breaking and entry. There was evidence from which the jury reasonably could find that the defendant sought entry to the building, a house, through a first-floor window which was protected by a storm window. The defendant removed the glass portion of the storm window, leaving its aluminum frame in place. By use of a pry bar, he bruised the wooden sash of the inner window, but that window remained intact and was neither raised nor penetrated. Hearing noises, the occupants of the house, mother and daughter, went downstairs to investigate. When the daughter saw someone (the defendant) outside pass by the front door, she screamed. The defendant turned, knocked on the door, identified himself, and told the mother that he had been asked by his father, a police officer, to check the house.

Although the storm window had been removed, entry to the house remained obstructed by the inner window. Because the inner window remained as an unmoved barrier, there was no entry into the dwelling or living space of the house within the meaning of G. L. c. 266, § 16. *Commonwealth* v. *Tilley*, 355 Mass. 507, 508-509 (1969). See also *State* v. *Hart*, 119 Vt. 54, 58 (1955), quoting from *State* v. *Lapoint*, 87 Vt. 115, 119 (1913).

Because of the form of the present complaint and the jury instructions (see e.g., *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 383-384 [1983]; G. L. c. 277, § 79), we do not consider whether the evidence is sufficient to show an attempted breaking and entry. But see, *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 198 n.2 (1979).

The judgment is reversed, the finding of guilty is set aside, and judgment is to be entered for the defendant.

*So ordered.*

*Mary Lou Rup* for the defendant.

*Robert J. Carnes*, Assistant District Attorney, for the Commonwealth.