**Joe SALDANA, Sr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 83–147.**

Supreme Court of Wyoming.

Aug. 1, 1984.

Leonard D. Munker, State Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

On appeal from a judgment and sentence[1] after a jury trial in which he was found guilty of violation of § 6–8–602, W.S. 1977[2], appellant contends that the trial court erred in instructing the jury "that people are considered by law to have intended the natural consequences of their acts" while also instructing it that the charged crime was a specific intent crime.

We affirm.

After a deputy sheriff had served an arrest warrant on appellant's son and had taken him into custody, appellant threatened the deputy sheriff with physical abuse, grabbed him by his coat lapels, tore up the warrant and shoved it inside the deputy's coat, and tried to prevent the closing of the door of the patrol car. The following were among the instructions given the jury by the court:

"INSTRUCTION NO. 5

"The necessary elements of the crime of interference with a peace officer are:

---

1. Appellant was sentenced to not less than two or more than six months in the county jail.

2. Section 6–8–602, W.S.1977, in effect at the time of the incident read in pertinent part:
 "Whoever knowingly and willfully obstructs, impedes, or interferes or attempts to obstruct, impede, or interfere, with any peace officer, or assaults any peace officer, while such officer is engaged in the lawful performance of his official duties is guilty of a misdemeanor * * *."

The statute has now been reworded and recodified as § 6–5–204, W.S.1977 (June 1983 Replacement).

"1. The crime occured [sic] within the County of Big Horn on or about the date of November 9, 1982; and

"2. the defendant knowingly and willfully

"3. obstructed, impeded or interfered,

"4. with a peace officer,

"5. while such officer was engaged in the lawful performance of his official duties.

"If you find from your consideration of all the evidence that any of these elements has not been proven beyond a reasonable doubt, then you should find the defendant not guilty.

"If, on the other hand, you find from your consideration of all of the evidence that each of these elements has been proven beyond a reasonable doubt, then you should find the defendant guilty."

## "INSTRUCTION NO. 6

"The crime charged in this case is a serious crime which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than general intent to commit the act. To establish specific intent the state must prove that the defendant knowingly did an act which the law forbids, specifically intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

"An act or a failure to act is 'knowingly' done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason."

## "INSTRUCTION NO. 7

"You are hereby instructed that people are considered by law to have intended the natural consequences of their acts."

## "INSTRUCTION NO. 10

"You are instructed that to constitute the offense of interference with a police officer that it is not necessary that the peace officer is actually prevented from the performance of his duty, but only whether the peace officer was in fact interfered with."

## "INSTRUCTION NO. 11

"You are hereby instructed that verbal criticism alone may not be sufficient to constitute interference with a peace officer but if the defendant has made threatening gestures and refused the requests or demands of a law enforcement officer, such total circumstances amount to interference as contemplated by the law."

Appellee contends that Instruction No. 7, as augmented by Instructions No. 5, 10 and 11, properly reflected the general intent nature of the charged crime. Appellant objected to the giving of Instruction No. 7 on the grounds that:

" * * * it's an unconstitutional presumption against the presumption of innocence. I believe it's been declared unconstitutional by the United States Supreme Court in a Montana case. I believe we went over this in the Selig case."

The Montana case referred to is *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979),[3] which held that an instruction to the effect that people intend the natural consequences of their acts, i.e., Instruction No. 7, is improper in that it creates a presumption which relieves the prosecution of its burden of proof *on the element of specific intent*.

 The crime here charged is not a specific intent crime, *Tillett v. State*, Wyo., 637 P.2d 261 (1981). The words "willfully" and "knowingly" do not require a specific intent and the questioned instruction is proper in those cases involving only a general intent. *Dean v. State*, Wyo., 668 P.2d 639 (1983); *Vigil v. State*, Wyo., 563 P.2d 1344 (1977); and *Stuebgen v. State*, Wyo., 548 P.2d 870 (1976). To violate the statute, it is necessary only that the proscribed conduct be undertaken voluntarily. *Armijo v. State*, Wyo., 678 P.2d 864 (1984).

---

**3.** The other case referred to by appellant, *State v. Selig*, Wyo., 635 P.2d 786 (1981), has no pertinency to the issue, and it was not cited in appellant's brief.

Appellant's argument on appeal, however, does not contest the general intent nature of the charge but points to Instruction No. 6 which erroneously characterizes the charge as one requiring specific intent. Accordingly, argues appellant, that instruction became the law of the case, and that *for the purpose of this case*, the charge is a specific intent crime. In the absence of an objection or offer of a corrective instruction, an instruction does become the law of the case. *Cox v. Vernieuw*, Wyo., 604 P.2d 1353 (1980); *Pure Gas & Chemical Company v. Cook*, Wyo., 526 P.2d 986 (1974); and *Texas Gulf Sulphur Company v. Robles*, Wyo., 511 P.2d 963 (1973).

Assuming appellant's contention that Instruction No. 6 made specific intent the law of this case, and acknowledging that *Sandstrom v. Montana*, supra,[4] established the giving of Instruction No. 6 in connection with a specific intent crime to be error inasmuch as it transferred to the defendant the burden of establishing the nonexistence of an essential element of the crime, the question remains relative to the prejudicial nature of the instruction. *Sandstrom v. Montana*, supra, did not resolve the question, and the question remained unresolved when the United States Supreme Court considered it in *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983). The Court there split on the harmless error question and left standing the ruling of the Supreme Court of Connecticut which upheld the appellant's conviction for sexual assault because it was not a specific intent crime, and there the jury was not influenced by the instruction that "every person is conclusively presumed to intend the natural and necessary consequences of his act." 103 S.Ct. at 973. A plurality of four justices expressed the view that the giving of the instruction condemned in *Sandstrom* when specific intent is an issue required an automatic reversal. Another four justices said that the question of harmless error in the giving of such in-

struction must be determined on an ad hoc basis.

This is one of those cases. In reliance on Instruction No. 6, the jury found specific intent. Appellant was found guilty under a more stringent requirement than had Instruction No. 6 not been given. Instruction No. 7 (presumption of intent) would relieve the prosecution of proving the element of specific intent. In effect, the two instructions cancelled each other, leaving the State with substantially the same burden of proof required in the absence of the erroneous instruction on specific intent. The rights of the accused were not prejudiced under such circumstances. He probably secured an advantage.

█ Even federal constitutional errors can be harmless if so beyond a reasonable doubt in light of the facts of the case. *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, reh. denied 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). In this case, the prosecution was required to prove every proper element of the crime charged beyond a reasonable doubt. The fact that it was given the benefit of a presumption with respect to an improper element of the offense does not improperly shift a burden to appellant. Since the justification for the rule set out in *Sandstrom v. Montana*, supra, is not infringed upon, appellant's constitutional rights were not prejudiced.

Affirmed.

ROSE, Justice, dissenting.

Although the majority allude to the doctrine of law of the case, they ultimately conclude that the State was required to prove only *proper* elements of the crime beyond a reasonable doubt. Therefore, the majority reason, submission of the presumption-of-intent instruction cancelled the erroneous specific-intent instruction and amounted to harmless error. I find this reasoning contrary to the well-settled prin-

---

4. We adopted the rule set forth in *Sandstrom v. Montana* in *Krucheck v. State*, Wyo., 671 P.2d 1222 (1983).

ciples of law of the case and presumption of innocence.

This court has repeatedly held that an instruction, even though incorrect, becomes the law of the case in the absence of objection. *Hopkinson v. State*, Wyo., 632 P.2d 79, 170, n. 43, cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1981); *Matter of Estate of Mora*, Wyo., 611 P.2d 842 (1980). Where the court erroneously instructs the jury concerning an essential element of the offense, the State acquires the burden of proving that element beyond a reasonable doubt. *Apodaca v. State*, Wyo., 627 P.2d 1023, 1026–1027, n. 6 (1981). Therefore, in the case at bar, the State had to prove every proper element of the offense of knowing and willful obstruction of a peace officer, including specific intent, which became a proper element by reason of the court's instructions. Under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Krucheck v. State*, Wyo., 671 P.2d 1222 (1983), submission of the presumption-of-intent instruction impermissibly relieved the prosecution of its burden of proving intent, thereby invading appellant's constitutional right to be presumed innocent of every element of the offense.[1]

A majority of the United States Supreme Court could not agree in *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), as to whether a presumption-of-intent instruction may ever be considered harmless in a specific-intent case.[2] A plurality of four justices reasoned that

"* * * a conclusive presumption on the issue of intent is the functional equivalent of a directed verdict on that issue * * *," 103 S.Ct. at 976,

and may be considered harmless only in "rare situations," such as where the defendant concedes intent or the jury acquits the defendant of the specific-intent crime. As long as the defendant's intent is in issue, a presumption of intent would be impermissible, the plurality concluded, because the jury might have relied upon the presumption rather than upon the evidence. I find this reasoning compelling in the instant case where the appellant's intent was an issue for jury determination.

"* * * The conclusive presumption the jury was instructed to apply permitted the jury to convict respondent without ever examining the evidence concerning an element of the crimes charged. Such an error deprived respondent of 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.' *Chapman v. California*, 386 U.S. [18] at 23, 87 S.Ct. [824] at 827–828 [17 L.Ed.2d 705 (1967)]." 103 S.Ct. at 978.

The Supreme Court of Vermont in *State v. Martell*, 143 Vt. 275, 465 A.2d 1346, 1348 (1983), adopted the reasoning of the plurality in *Connecticut v. Johnson*, supra, and held that an instruction which allows the jury to presume an essential element of the crime constitutes reversible error per se:

"* * * [G]iven our consistent position that 'a judge's lightest word or intimation is received by a jury with great deference, and may prove controlling,'

"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

1. The United States Supreme Court in *In re Winship*, 397 U.S. 358, 363–364, 90 S.Ct. 1068, 1072–1073, 25 L.Ed.2d 368 (1970), reaffirmed the constitutional basis of the presumption of innocence and the reasonable-doubt standard of proof:

"* * * The [reasonable-doubt] standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' *Coffin v. United States*, 156 U.S. [432,] 453, 15 S.Ct. [394,] 483 [39 L.Ed. 481 (1895)].

* * * * * *

2. The majority in *Connecticut v. Johnson*, supra, upheld the decision of the Connecticut Supreme Court which reversed the appellant's convictions for attempted murder and robbery on the basis of impermissible presumption-of-intent instructions.

*State v. Camley,* 140 Vt. 483, 489, 438 A.2d 1131, 1134 (1981) (citing *Quercia v. United States,* 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933)), we hold that the issuance of an instruction susceptible of interpretation by a reasonable juror as requiring a conclusive presumption on an essential element of the crime charged may never be deemed harmless error."

See also *People v. Burres,* 101 Cal.App.3d 341, 161 Cal.Rptr. 593 (1980).

I would have reversed appellant's conviction and required the prosecution to prove its case without the benefit of an improper presumption, since affirmance gives

" * * * too much weight to society's interest in punishing the guilty and too little weight to the method by which decisions of guilt are to be made." *Connecticut v. Johnson,* supra, 103 S.Ct. at 977.