## State of Vermont v. Leo P. Pratt

[513 A.2d 606]

No. 85-234

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed May 2, 1986

*Erick E. Titrud*, Chittenden County Deputy State's Attorney, and *Jeffrey Langholtz*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Per Curiam.** Defendant appeals a conviction for aggravated assault, 13 V.S.A. § 1024(a)(1). We affirm.

Following a two-day hospital stay for a drug overdose, defendant was taken to the Chittenden District Court by a police officer to be arraigned on another charge. The presiding judge imposed bail of $1,000, making it certain, under the circumstances, that the defendant would be incarcerated. Defendant became agitated. During an attempt by a police officer to restrain him, defendant seized the officer's pistol, a .357 magnum, and shouted that he was going to hurt or kill somebody. The officer forced his hand between the pistol's hammer and cylinder, and prevented the weapon from firing. According to evidence at trial, the trigger was pulled, and the firing pin struck the officer's hand, causing minor injury.

The principal issue raised by defendant is the failure of the trial judge to offer a requested instruction to the jury. The court instead charged the jury as follows:

> Now, the third element that the State must prove beyond a reasonable doubt is that the defendant consciously intended to cause serious bodily injury or that he was practically certain his conduct would cause serious bodily injury. This means the State must prove that at the time the Defendant took Officer Reis's gun or while having it in his possession, that the Defendant was acting with the conscious objective of causing Officer Reis serious bodily injury or was practically certain his conduct would cause such injury. And in deciding whether or not the Defendant consciously intended serious bodily injury *or was practically certain his conduct would cause it*, you may consider what has been

said in court about the Defendant's mental condition at the time of the alleged offense." (Emphasis added).

Defendant argues that the quoted jury instruction was based on the instruction in *State* v. *Blakeney*, 137 Vt. 495, 501, 408 A.2d 636, 640 (1979), a case involving an actual injury, and was therefore improper. As such, defendant argues, the instruction was designed to allow the jury to infer the specific intent required for aggravated assault by the fact of actual injury, coupled with an understanding of the principle that a person ordinarily intends the natural consequences of his voluntary acts, knowingly done or knowingly committed.* See *State* v. *Dusablon*, 142 Vt. 95, 97-99, 453 A.2d 79, 80-82 (1982). Defendant claims he did nothing more than point or wave the gun. He therefore asserts that the words "or was practically certain his conduct would cause [serious bodily injury]" improperly induced the jury to find the specific intent required for a conviction for aggravated assault.

■ We disagree with defendant's assertion. Evidence was presented below that defendant did not merely wave the pistol, but actually attempted to discharge the weapon. That evidence would give a jury justification to conclude that defendant possessed the specific intent required to cause serious bodily injury. When a person points a revolver in the direction of another person at close range and squeezes the trigger, the practical distinction between acting with the conscious objective of causing serious bodily injury and acting with practical certainty that one's conduct will cause such injury disappears. Further, defendant is incorrect that the "practically certain" language is only appropriate in cases where injury in fact occurs from the conduct of the defendant. See, e.g., *Mahoney* v. *State*, 13 Md. App. 105, 110, 281 A.2d 421, 424 (1971) (evidence that a gun was pointing toward a human being and randomly fired supports inferences of both malice and intent to do grievous bodily harm).

Next, defendant argues that, at most, the evidence justified only a charge of reckless endangerment, 13 V.S.A. § 1025. This argument, like defendant's earlier contention, is based on the premise that the State did not demonstrate sufficient evidence to

---

* We note that instructing a jury that "[u]nder the law a person is presumed to intend the natural and probable consequences of his acts" violates a defendant's right to due process of law. See *State* v. *Martell*, 143 Vt. 275, 278-79, 465 A.2d 1346, 1347-48 (1983).

justify a finding of specific intent. As we have indicated, however, defendant lacks a basis for this argument.

■ Defendant further argues that specific intent was lacking because he was under the influence of drugs during the events in question. The State, however, rebutted defendant's expert witnesses on the issue of his mental condition, and medical evidence indicated that no cocaine was found in the defendant's bloodstream. Defendant's failure to prevail on this issue amounted to no more than his failure to persuade the jury that a fact essential to his defense was true.

■ Finally, defendant argues that the trial court erred in allowing photographs of Officer Reis's hand showing the effects of the firing pin. During direct examination of Officer Reis, the State marked the photographs for identification. The prosecution next examined Officer Reis as to the authenticity of the photographs. Defendant then cross-examined the witness. At the close of the State's case, the State moved to reopen in order to admit the photographs. The defendant objected on grounds of relevancy. It was only when the State moved to introduce the photographs as evidence that the defendant objected to the lack of an opportunity to conduct a voir dire examination. The defense asserted that this was not done earlier because the exhibits were not offered into evidence and because, in the words of defense counsel, "I thought you [the state's attorney] forgot about them."

Defendant was denied the neither the right nor the opportunity to conduct a voir dire examination concerning the two photographs, nor does he suggest a basis for doubting their authenticity.

*Affirmed.*