Will TILLETT, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 5525.

Supreme Court of Wyoming.

Dec. 11, 1981.

L. R. Garrett, Lovell, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., Sharon A. Lyman, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

This appeal involves a challenge to appellant Will Tillett's conviction for interfering with a police officer as that crime is defined by § 6–8–602, W.S.1977.[1] A jury found Mr. Tillett guilty of the above charge on October 15, 1980, and sentence was entered on April 24, 1981. He frames the issues surrounding his conviction as follows:

1. Do words, name-calling and argument with police officers constitute interfering with police officers?

2. When a criminal statute requires that an act be done knowingly and willfully, are inferences contrary to direct testimony sufficient to prove an act was done knowingly and willfully and must the State prove the act was knowing and willful?

3. Did the information charge a criminal offense by charging appellant with interfering with police officers when the statute under which appellant was charged stated that it was a crime to interfere with peace officers?

---

1. Section 6–8–602, W.S.1977, reads:

   "Whoever knowingly and willfully obstructs, impedes, or interferes or attempts to obstruct, impede, or interfere, with any peace officer, or assaults any peace officer, while such officer is engaged in the lawful performance of his official duties is guilty of a misdemeanor and shall be fined not more than one thousand ($1,000.00) or imprisoned not more than one (1) year, or both."

4. Did the court err when it gave jury Instruction Number 7 over appellant's objection without adding the words, "This does not mean to obstruct or impede an officer."?

5. Did the court err in not giving appellant's offered Instruction A?

6. Did the court err in giving Instruction Number 12?

The only issue of substance concerns the sufficiency of the evidence supporting appellant's conviction. The other issues lack merit and will be addressed in a summary fashion.

We will affirm.

## FACTS

On January 22, 1980, Wyoming Highway Patrol Officers Wollack and Clavette stopped appellant's car for speeding on Wyoming State Highway 37. The record reflects that both automobiles were parked very close to the outer edge of the traveled pavement.

After the cars had been stopped, appellant Will Tillett left his vehicle and approached the patrol car. Officer Clavette had also exited his car. Tillett was asked by the officer to display his driver's license, but he refused to do so when he learned that the officer intended to cite him for speeding. When this request was made, appellant's driver's license was in his hand. At this juncture, appellant demanded that the radar gun be locked in and the patrol car impounded because these were items of evidence in the case. While making these demands in an angry tone, Mr. Tillett also hopped onto the hood of the patrol car. Officer Clavette once again asked appellant for his driver's license, and he again refused to surrender it, asserting that both officers were communistic and were behaving like the Gestapo. Finally, upon being informed by Officer Clavette that he would be arrested if he did not produce the license, Mr. Tillett complied. The officer then returned to the patrol car for the purpose of issuing the citation.

Officer Wollack had also exited the patrol car because of Tillett's obstreperous conduct and because he was worried about his partner's safety. Thereupon the appellant also expressed his opinions to Officer Wollack, who then asked Mr. Tillett to return to his car for his own safety as well as that of the officers and the traveling public.

Rather than comply with the officer's request, appellant raised his voice even louder and continued describing the officers as communistic and Gestapo-like. He also made threatening gestures at Officer Wollack. On at least two separate occasions, Officer Wollack asked appellant to return to his car, but appellant would not comply. Not until Wollack informed Tillett that he was under arrest, did he finally offer to return to his car. At this point, the officer informed Tillett that it was too late, and he undertook to handcuff appellant. A struggle ensued, whereupon Officer Clavette once again exited the vehicle in order to assist Officer Wollack and the appellant was thereupon taken into custody. He was then transported to the sheriff's office, where he was issued a citation for speeding and charged with interfering with a police officer.

### Under the Facts, Could Appellant Properly Be Convicted of Violating § 6-8-602, W.S.1977?

In reviewing a challenge to the sufficiency of the evidence, we have said many times that we will accept as true the evidence of the prosecution, leaving out of consideration evidence of the defendant in conflict therewith and giving to the State those inferences which may be reasonably and fairly drawn from it. *McCarty v. State*, Wyo., 616 P.2d 782 (1980); *Reinholt v. State*, Wyo., 601 P.2d 1311 (1979). We review appellant's challenge under these guidelines.

By reason of § 6-8-602, note 1 supra, the State was not only required to show that appellant knowingly and willfully interfered with Officer Wollack but also that the officer was engaged in the lawful performance of his duty at the time of the incident in question.

■ The use of actual, direct or threatened force is not indispensable to the commission of the crime of interfering with a police officer. Torcia, Wharton's Criminal Law, 14th Edition, § 592, p. 305 (1981); *State v. Leigh*, 278 N.C. 243, 179 S.E.2d 708 (1971); *State v. Merrifield*, 180 Kan. 267, 303 P.2d 155 (1956). Mere remonstrances or criticisms of an officer are, however, not ordinarily sufficient to sustain a charge of interference. *McCook v. State*, 145 Ga.App. 3, 243 S.E.2d 289 (1978); *State v. Snodgrass*, 117 Ariz. 107, 570 P.2d 1280 (1977); *State v. Allen*, 14 N.C.App. 485, 188 S.E.2d 568 (1972). The Supreme Court of the United States in *District of Columbia v. Little*, 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1949) described these propositions in the following manner:

"Although force or threatened force is not always an indispensable ingredient of the offense of interfering with an officer in the discharge of his duties, mere remonstrances or even criticisms of an officer are not usually held to be the equivalent of unlawful interference. * * * " 339 U.S. at 6, 70 S.Ct. at 470.

It has also been said that, while mere remonstrances are not enough, verbal abuse alone may become sufficient to constitute the crime where its intensity, or the totality of several acts is such as to amount to an interference with an officer in the performance of his duty. *Pope v. State*, Tenn.Cr. App., 528 S.W.2d 54 (1978); *State v. Tages*, 10 Ariz.App. 127, 457 P.2d 289 (1969); Annot., 44 A.L.R.3d 1018.

■ Appellant claims that his actions in this case amounted to no more than mere remonstrances directed at the officers, and therefore he could not have been guilty of interference. While we adopt the rule that mere remonstrances or criticism will not satisfy a charge of interference under § 6–8–602, we cannot agree with appellant that his conduct in this case falls within the ambit of that rule. Not only did appellant verbally criticize Officer Wollack, the record also reflects that he made threatening gestures to the officer and refused to return to his car when requested. In our view, such conduct on the part of the appellant amounted to interference as contemplated by § 6–8–602. It is quite probable that, had appellant merely criticized the officers and ended it there, he would never have been arrested. Unfortunately, he chose to go farther than the law allows.

Mr. Tillett goes on to contend that even if his conduct were to be thought about as being sufficient to sustain the charge, the State failed to prove that he knowingly interfered, or that Officer Wollack was discharging a duty at the time. We disagree with both of these contentions.

■ The requisite intent to commit an act can be inferred from the facts and totality of the circumstances existing at the time the criminal act is complete. *Jones v. State*, Wyo., 568 P.2d 837 (1977), *Stuebgen v. State*, Wyo., 548 P.2d 870 (1976). Appellant is considered by law to have intended the natural consequences of his act. Under these rules, it becomes obvious that the jury had more than enough evidence from which to conclude that appellant knowingly and willfully interfered with a police officer. There is no conceivable way that appellant could not have known that he was, in fact, confronting a police officer. It is hard for us to conceive of a case which would involve a stronger showing of knowing intent than the case at bar.

Finally, we reject appellant's contention that Officer Wollack was not engaged in the lawful performance of his police duties when appellant interfered. Officer Wollack, a member of the Wyoming Highway Patrol, is vested with the powers and duties to enforce the traffic laws of the State of Wyoming.

In addition, it is encumbent upon the Highway Patrol to take such precautions as will insure their own safety and the safety of the traveling public as well as of those individuals who are stopped for a violation. Officer Wollack was acting within his authority when he requested that the appellant return to his car. When this request was refused, Mr. Tillett was, at that juncture, interfering with the officer's duty to

protect. Appellant had a right to express his opinion of the officer, but it was necessary that he comply with the officer's request to return to his car. Appellant's behavior also interfered with Officer Clavette while he was lawfully carrying out his duty to issue citations for speeding. This officer testified that, upon noticing appellant's threatening gestures, he was forced to discontinue the citation issuing procedure in order to provide further support of his partner. We believe, that, under the facts, appellant's action interfered with both officers while they were engaged in the lawful performance of their duties. We would also add, however, that police officers must realize that they are natural targets for criticism and remonstrance as are other public officials, and, thus, must guide themselves with patience and integrity in performing their duties. We just as hastily observe that in this instance, the conduct of the officers appears to have been exemplary.

We hold that the evidence was sufficient to sustain the jury's verdict. Appellant did more than criticize; his behavior was such as to constitute interference with a police officer while in the lawful performance of his duty in violation of § 6–8–602, W.S.1977.

### Appellant's Other Contentions

 Appellant has also raised several other contentions claiming the trial court committed error in giving Instructions Number 7 and Number 12,[2] and refusing to give appellant's offered Instruction A.[3] He also argues that the police officers in question were not "peace officers" within the meaning of § 6–8–602, W.S.1977 and, therefore, the statute was not violated.

We can dispose of appellant's assertion concerning the distinction he makes between police officers and peace officers by citing § 31–2–104, W.S.1977 which states:

"The state highway superintendent and his assistants regularly authorized and all members of the *state highway patrol*, during the time they are actually engaged in the performance of their duties as such, or while the members of said state highway patrol are acting pursuant to orders and instructions of the governor, *shall have and exercise all the powers invested in peace officers*, except that they shall not have the power to serve civil writs and processes." (Emphasis added)

This section clearly vests the powers of a peace officer in state highway patrolmen, and therefore any interference with a highway patrolman, while he is engaged in the lawful performance of his duty, is covered by the terms of § 6–8–602, W.S.1977.

As to the arguments surrounding the giving of instructions Number 7 and Number 12, and the failure to give Instruction A, we find no error. The instructions given by the trial court adequately covered and correctly stated the law in relation to the crime with which the appellant had been charged while at the same time the substance of the offered instruction was adequately covered by other instructions. *Scheikofsky v. State,* 636 P.2d 1107 (1981); *Campbell v. State,* Wyo., 589 P.2d 358, 369 (1979).

Affirmed.

---

2. Instruction No. 7 reads:

"YOU ARE INSTRUCTED that 'to interfere' is defined as to check or hamper the action of the officers or to do something which hinders or prevents or tends to prevent the performance of his legal duties."

Instruction No. 12 reads:

"More than mere disagreement or remonstrance with police officer and criticism of officer must be shown to constitute interfering with police officer, unless such remonstrances become sufficient where their intensity or their totality of several acts is such as to amount to interference."

3. Appellant's offered Instruction A states:

"Inferences contrary to direct testimony are not ordinarily sufficient to support a finding; hence, in absence of concrete evidence to show intent, and anything to contradict or impeach the defendant's testimony, there can be no presumption on intent."