**John P. WALTER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 90–260.**

Supreme Court of Wyoming.

May 20, 1991.

James H. Barrett, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Jennifer Gimbel, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director of the Prosecution Assistance Program, and Randy Hiller, Student Intern for the Prosecution Assistance Program, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant John P. Walter appeals from his misdemeanor conviction for interference with a peace officer and from his felony conviction for aggravated assault and battery with a deadly weapon.

We affirm.

Appellant raises two issues for our review:

I.  Appellant was improperly convicted of the lesser included offense of interference[.]

II.  The court below erred in finding Appellant guilty of attempted aggravated assault with a deadly weapon.

Appellant encountered his estranged girl friend in a Cheyenne nightclub around midnight on the evening of September 22, 1989. The girl friend informed Appellant that the police were looking for him because she had filed a complaint against him after he moved from their shared residence several weeks earlier. Following a brief stop at another bar, Appellant went to the girl friend's house, entered through an unlocked basement door, and fell asleep behind a couch.

Several hours after her encounter with Appellant, the girl friend returned home with two male friends. One of the friends accompanied the girl friend into the house "to make sure everything was okay" while the other friend waited outside. When the girl friend entered an upstairs bathroom, Appellant emerged from the basement and asked the male friend to leave, which he did. Appellant went into the bathroom where the girl friend was vomiting into the toilet. The two began arguing, and Appel-

lant proceeded to push the girl friend's head into the toilet several times. When the girl friend left the bathroom, Appellant followed her to the basement where he forced her onto a bed. Meanwhile, the girl friend's male friends had summoned the police, and several officers had responded. Standing outside of the house, the officers could hear voices inside the house, including a crying and pleading female voice. The officers did not receive a response when they rang the doorbell.

Fearing that a possible hostage situation could occur, three policemen forcibly entered the house through a main level entrance and announced their presence. Appellant immediately exited the house through a basement doorway. As he fled, Appellant encountered John Lavery, a police officer with the Cheyenne police department, in the stairwell leading from the basement door. Officer Lavery identified himself as a police officer, ordered Appellant to stop, and stated that Appellant was under arrest. Despite the officer's physical and verbal attempts at detention, Appellant broke free and ran to his car. Officer Lavery pursued Appellant and called for assistance on his portable police radio. When Officer Lavery arrived at the car, Appellant was inside the car with the driver's side door locked. After Appellant refused to unlock the door, Officer Lavery used his radio to break the window in the driver's side door, and Officer Lavery again told Appellant that he was under arrest. Appellant's response was to insert a key into the ignition and to start the car's engine.

Concerned with the potential risks of a car chase, Officer Lavery leaned into the car through the broken window and struggled with Appellant for the keys. During their struggle, Officer Lavery hit Appellant in the head with the radio, and the car's engine stalled or was turned off. Despite the continuing struggle for control of the keys, Appellant restarted the car's engine, shifted it into gear, and began driving the car forward. Officer Lavery took several steps alongside the moving vehicle and continued to struggle with Appellant before finally disengaging and falling to the pave-ment. When he fell, Officer Lavery suffered abrasions to his hands and knees.

As Appellant drove his car toward the intersection at the end of the block, a patrol car entered the intersection and attempted to block Appellant's path. Meanwhile, Mark Allsop, a police officer for the City of Cheyenne, stood near the stop sign at the same corner shining a flashlight into the windshield of Appellant's car in an attempt to blind the driver or to get him to stop. Rather than stopping, Appellant accelerated the car toward the intersection, swerved it to his right to avoid the patrol car, drove it directly at Officer Allsop, drove it over the curb, and forced the officer to jump out of the way. Officer Allsop pulled a leg muscle when he jumped to escape Appellant's vehicle.

After colliding with another vehicle in the next block, Appellant proceeded through Cheyenne to the interstate. The police pursued Appellant as he progressed south on the interstate at speeds in excess of 115 miles per hour. Appellant's car eventually broke down several miles into Colorado, and he was arrested without further incident.

Appellant was charged with two felonies: (1) intentionally and knowingly causing bodily injury to a peace officer engaged in the lawful performance of his official duties in violation of Wyo.Stat. § 6–5–204(b) (1988), and (2) aggravated assault and battery with a deadly weapon in violation of Wyo.Stat. § 6–2–502(a)(ii) (1988). Appellant pleaded not guilty to both counts.

Appellant waived his right to a jury trial, and he was tried before the district court on June 5, 1990. The court found that Appellant was not guilty on the felony charge of intentionally and knowingly trying to injure Officer Lavery while he was engaged in the lawful performance of his official duties. The court did, however, find Appellant guilty of the lesser included offense of misdemeanor interference with Officer Lavery in violation of Wyo.Stat. § 6–5–204(a) (1988). The court also found Appellant guilty of felony aggravated as-

sault and battery with a deadly weapon in violation of § 6-2-502(a)(ii) when he intentionally drove his car toward Officer Allsop as the officer stood holding the flashlight.

Appellant was sentenced to a term of five months in the Laramie County Detention Facility for the misdemeanor offense of interference with a peace officer and to a consecutive term of not less than four years nor more than six years in the Wyoming State Penitentiary for the felony offense of aggravated assault and battery. The court suspended the penitentiary sentence and gave Appellant three years' probation. Appellant appeals both convictions.

Though Appellant phrases the issues on appeal in terms of trial court error, we agree with the State that both issues question the sufficiency of the evidence to support Appellant's convictions. Hence, we examine the record using our standard of review for sufficiency of the evidence:

> Our standard for arriving at a determination of the sufficiency of the evidence is to determine whether it is adequate to support a reasonable inference of guilt beyond a reasonable doubt to be drawn by the finder of fact, viewing the evidence in the light most favorable to the State. The test is the same, whether the case was tried to the court or to a jury.

*Lopez v. State*, 788 P.2d 1150, 1152 (Wyo. 1990) (citations omitted).

### Interference

Section 6-5-204(a) states:

> (a) A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties.

■ In order to demonstrate that Appellant violated § 6-5-204(a), the State must have established beyond a reasonable doubt that (1) the crime occurred within Laramie County on September 23, 1989, and (2) Appellant knowingly obstructed, impeded, or interfered with or resisted arrest (3) by a peace officer (4) engaged in the lawful performance of his official duties. *Saldana v. State*, 685 P.2d 20 (Wyo.1984), *cert. denied* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985).

■ The State presented uncontroverted evidence that the alleged crime of interference with a peace officer while he was engaged in the performance of his official and lawful duties occurred in Laramie County on September 23, 1989. The record also demonstrates, and Appellant does not contest, that Officer Lavery was a peace officer engaged in the lawful performance of his duties. The only question to be resolved is whether the State proved that Appellant knowingly obstructed, impeded, or interfered with Officer Lavery as he attempted to arrest and detain Appellant.

■ Interference is a general intent crime and does not require proof of specific intent. *Tillett v. State*, 637 P.2d 261 (Wyo. 1981). To violate § 6-5-204(a), it is only necessary that the proscribed conduct be undertaken voluntarily. *Saldana*, 685 P.2d 20.

> The requisite intent to commit an act can be inferred from the facts and totality of the circumstances existing at the time the criminal act is complete. Appellant is considered by law to have intended the natural consequences of his act.

*Tillett*, 637 P.2d at 264 (citations omitted).

Appellant argues that we should focus on Appellant's actions as he attempted to escape after Officer Lavery broke the car window and began hitting Appellant with the radio. Appellant fails to recognize that we must look at all the evidence in the light most favorable to the State. This evidence includes the entire sequence of events from the time Appellant first encountered Officer Lavery in the stairwell outside of the girl friend's house until Appellant drove the vehicle away and Officer Lavery fell to the pavement.

We hold that the State presented sufficient evidence to prove beyond a reasonable doubt that Appellant knowingly and voluntarily interfered with Officer Lavery as he engaged in the lawful performance of his official duties. Officer Lavery identi-

fied himself as a police officer and ordered Appellant to stop when he fled from the house. Officer Lavery repeatedly told Appellant that he was under arrest. Appellant ran away from Officer Lavery after the officer's unsuccessful attempt to hold Appellant at the girl friend's house. Appellant struggled with Officer Lavery as the officer tried to secure Appellant's car keys. This entire sequence of events constitutes a blatant example of knowing interference and resistance to a lawful arrest. We said in *Tillett:*

> [I]t becomes obvious that the [fact finder] had more than enough evidence from which to conclude that appellant knowingly and willfully interfered with a police officer. * * * It is hard for us to conceive of a case which would involve a stronger showing of knowing intent than the case at bar.

*Id.*

### Aggravated Assault and Battery with a Deadly Weapon

Wyo.Stat. § 6–2–502 (1988) provides in pertinent part:

> (a) A person is guilty of aggravated assault and battery if he:
>
> \*    \*    \*    \*    \*    \*
>
> (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]
>
> \*    \*    \*    \*    \*    \*
>
> (b) Aggravated assault and battery is a felony punishable by imprisonment for not more than ten (10) years.

■ The necessary elements of the crime of aggravated assault and battery which the State must have proved pursuant to § 6–2–502(a)(ii) are that (1) the crime occurred in Laramie County on September 23, 1989, and (2) Appellant attempted to cause or intentionally or knowingly caused bodily injury to another (3) with a deadly weapon. *Thom v. State,* 792 P.2d 192 (Wyo.1990); *Lauthern v. State,* 769 P.2d 350 (Wyo. 1989).

■ Appellant was charged with aggravated assault and battery with a deadly weapon for attempting to injure or intentionally injuring Officer Allsop as he stood near the intersection shining his flashlight into Appellant's car. The record demonstrates, and Appellant does not contest, that the alleged crime occurred within Laramie County on September 23, 1989. There is also no disagreement that the car used in the alleged aggravated assault and battery was a deadly weapon. *See Laing v. State,* 746 P.2d 1247 (Wyo.1987). The only element of the crime which remains in question is Appellant's intent: Did the State present sufficient evidence for the trial court to conclude beyond a reasonable doubt that Appellant attempted to cause or that he intentionally or knowingly caused bodily injury to Officer Allsop?

Appellant contends that the State's evidence was insufficient regarding his specific intent to cause bodily injury to Officer Allsop. Appellant argues that the only evidence of his intent was the subjective feeling that Officer Allsop expressed at trial that Appellant intended to hit him with his vehicle because Appellant drove it straight at Officer Allsop as he stood holding his flashlight. Appellant further contends that there was no corroborative evidence of specific intent and that Appellant's conduct was equally consistent with avoidance of a collision with the patrol car parked in the intersection.

In *Garcia v. State,* 777 P.2d 1091, 1095–96 (Wyo.1989), a recent case involving, among other offenses, a felony conviction for aggravated assault and battery with a deadly weapon against a police officer, we noted:

> [S]pecific intent may be properly proven by reasonable *inferences* from the character of such acts and their surrounding circumstances. In particular, the specifics of a defendant's conduct and other circumstantial evidence may permit the jury to infer that he acted with the specific intent to cause bodily injury. * * *
>
> * * * Viewing only the State's evidence, and in the light most favorable to the State, we find that this evidence would not necessarily cause a reasonable jury to harbor a reasonable doubt as to appellant's specific intent to cause bodily

injury to [the police officer]. To the contrary, such a jury could reasonably infer from this evidence the existence of such intent beyond a reasonable doubt. The question is not whether other inferences would be possible. Rather, the question is whether a rational jury could possibly make this particular inference without entertaining a reasonable doubt as to the truth of the inferred fact.

(Emphasis in original.) Though the defendant's guilt in *Garcia* was decided by a jury rather than a judge, the reasoning is dispositive.

As in *Garcia,* the record in this case is replete with evidence that Appellant intentionally directed his car at the exact spot where Officer Allsop was standing. Two witnesses testified that Appellant accelerated his car as he approached the intersection and that the car climbed the curb near where Officer Allsop was standing. Officer Allsop was forced to jump from the path of Appellant's rapidly approaching car to avoid being struck. Officer Allsop sustained an injury as a result of Appellant's decision to drive his car straight at the flashlight.

From this evidence, it was reasonable for the district court to find that Appellant saw Officer Allsop's flashlight, that Appellant knew someone was holding the flashlight, and that Appellant either attempted or intended to strike the person holding the flashlight. One who knowingly drives an automobile directly at another person can reasonably be found to have intended to do bodily injury to that person. Under these facts, there was sufficient evidence for the district court to conclude beyond a reasonable doubt that Appellant was guilty of attempting to cause or intentionally or knowingly causing bodily injury with a deadly weapon pursuant to § 6–2–502(a)(ii).

Affirmed.