2009 WY 95

**Dennis K. PRYOR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0230.

Supreme Court of Wyoming.

July 30, 2009.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Affie Ellis, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant, Dennis K. Pryor, was convicted by a jury of two counts of first degree sexual assault. On appeal, Pryor seeks reversal of one of his convictions, claiming there is insufficient evidence to sustain that conviction. We will affirm.

## ISSUE

[¶ 2] The only issue presented for our review is whether or not sufficient evidence is present to sustain Pryor's conviction as to Count I of the charging document, although the issue is couched in terms of a possible abuse of discretion by the district court in denying his motion for judgment of acquittal that was made at the close of the State's case-in-chief.[1]

## FACTS

[¶ 3] On the evening of September 7, 2007, the victim was enjoying a beer at the La Bonte Bar in Douglas, Wyoming, when she engaged in a conversation with Pryor. A short time later, the victim went to the College Inn to meet her daughter and some friends, and Pryor accompanied her. After consuming a few drinks at the College Inn, the victim indicated she was going home. Pryor offered to walk her home. The victim agreed. When they reached her apartment, the victim invited Pryor in for a beer.

[¶ 4] At some point, Pryor made a verbal sexual advance, which the victim rebuffed. Pryor then attempted to kiss her. When the victim pushed him away, Pryor's sexual advance became more forceful. Pryor pushed the victim down and covered her mouth to prevent her from screaming. He then pulled the victim's pants down and tried to have sexual intercourse with her. The victim continued to resist, and Pryor was unable to complete vaginal penetration. Pryor then attempted to force the victim into performing fellatio. That attempt also failed when the victim refused to cooperate and, instead, bit his penis. Pryor then struck the victim in the face and left the apartment.

[¶ 5] The victim reported the incident to the police. A subsequent examination at the hospital revealed bruising on the victim's face, neck, arms, and torso, and injuries to the inner portions of the genitalia, specifically bruising on the labia majora, a tear in the labia minora-majora crease, and blood on the posterior fourchette. In an interview with police, Pryor admitted to having contact with the victim on the night in question and attempting to have consensual sexual intercourse with her but denied placing his penis in her mouth.

[¶ 6] Pryor was arrested and charged with two counts of first degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–302(a)(i) (LexisNexis 2009).[2] Specifically, the State

---

1. The salient portion of W.R.Cr.P. 29(a) states:
   The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or citation after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

2. § 6–2–302(a)(i) states:

charged Pryor with inflicting sexual intrusion on the victim by causing her, through the application of physical force, to submit to sexual intercourse (Count I), and to perform fellatio on him (Count II). The matter went to trial before a jury on April 10, 2008. At the conclusion of the State's case-in-chief, Pryor moved for judgment of acquittal, arguing the evidence was insufficient to prove the element of sexual intrusion as to both counts. The district court denied the motion, concluding the evidence was sufficient for the trial to continue. In the end, the jury returned a verdict of guilty on both counts. The district court sentenced Pryor to concurrent prison terms of eighteen to twenty-five years on each count. This appeal followed.

### STANDARD OF REVIEW

[¶ 7] The benchmark for reviewing a sufficiency of the evidence claim is whether the evidence, when viewed in the light most favorable to the State, is adequate to permit a reasonable trier of fact to find guilt beyond a reasonable doubt. *Statezny v. State*, 2001 WY 22, ¶ 15, 18 P.3d 641, 645 (Wyo.2001). We will not substitute our judgment for that of the jury. Instead, we will determine whether a quorum of reasonable and rational individuals would, or even could, have found the essential elements of the crime were proven beyond a reasonable doubt. *Conine v. State*, 2008 WY 146, ¶ 5, 197 P.3d 156, 159 (Wyo.2008).

### DISCUSSION

[¶ 8] As charged, Count I required the State to prove that Pryor inflicted sexual intrusion on the victim by causing her, through the application of physical force, to submit to sexual intercourse. Pryor's sole complaint concerns what he perceives is a lack of evidence establishing penetration of the victim's genital organs, a necessary pre-

requisite to the jury's finding that sexual intercourse, and thus sexual intrusion, occurred. The problem with Pryor's argument is that it disregards the evidence and rational inferences which would support the jury's determination.

[¶ 9] This Court has repeatedly stated that sexual intercourse is accomplished in a legal sense if there is the slightest penetration of the genital organs of the female by the sexual organ of the male. *LP v. Natrona Cty. Dep't of Public Assistance and Social Services*, 679 P.2d 976, 993–94 (Wyo. 1984); *Rhodes v. State*, 462 P.2d 722, 726 (Wyo.1969); *State v. Hines*, 79 Wyo. 65, 74–75, 331 P.2d 605, 607–08 (1958). To sustain a conviction for unlawful sexual intrusion, it is not necessary that the vaginal cavity be fully entered. Rather, it is sufficient if there is entry of the male organ into the labia or vulva. *LP*, 679 P.2d at 994; *Rhodes*, 462 P.2d at 726.

[¶ 10] In light of these legal principles, we have no trouble concluding the evidence in this case amply supports the jury's finding of sexual intrusion.[3] The victim testified that Pryor attempted to have sexual intercourse with her. She stated that, although Pryor was unsuccessful in his efforts to enter her vagina, his attempts at penetration resulted in a tear by her vagina. The sexual assault nursing examiner ("SANE nurse") who examined the victim testified that she observed a tear in the victim's labia minora-majora crease, blood on the victim's posterior fourchette, and bruising on the victim's labia majora at the crease with her thigh.[4] She described the labia minora and the posterior fourchette as internal structures of the female genitalia or vulva and the labia majora as the outer lips of the vulva. The SANE nurse also testified the victim's injuries were caused by non-accidental blunt-force trauma, that the injuries were consistent with pen-

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:
(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement[.]
"Sexual intrusion" is defined in relevant part by Wyo. Stat. Ann. § 6–2–301(a)(vii)(B) (LexisNexis 2009) as "[s]exual intercourse, cunnilingus, fella-

tio, analingus or anal intercourse with or without emission."

3. We note the jury was instructed that "sexual intercourse" required a finding of "some penetration of the female genital organs, which includes the labia or vulva."

4. The SANE nurse photographed the injuries and those photographs were introduced into evidence.

etration, and that they were consistent with the victim's statements about the alleged sexual assault. When viewed as a whole, the evidence provided a sufficient basis from which a rational jury could have reasonably concluded that Pryor penetrated the victim's labia or vulva and, therefore, a sexual intrusion occurred.

## CONCLUSION

[¶ 11]   We hold the evidence is sufficient to sustain Pryor's conviction on Count I. The judgment and sentence of the district court is affirmed.