2011 WY 11

**Blake Bryan LEAVITT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0116.**

Supreme Court of Wyoming.

Jan. 24, 2011.

---

Representing Appellant: Diane Lozano, State Public Defender; and Tina N. Kerin, Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jessica Y. Frint, Student Director, Prosecution Assistance Program; and Matthew E. Riehl, Student Intern, Prosecution Assistance Program.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] After being convicted of four misdemeanors and felony interference with a peace officer, Blake Brian Leavitt claims the evidence was insufficient to support his conviction for felony interference. We affirm.

## ISSUE

[¶ 2] Leavitt's single issue before this Court is, as he phrases,

There was insufficient evidence to convict [Leavitt] of felony interference with a peace officer.

## FACTS

[¶ 3] On September 4, 2009, the Afton Police Department received a call that a vehicle was spinning tires in the gravel outside of a home. From the report given, Officer Aaron Jenkins of the Afton Police Department recognized the vehicle described as one owned by Blake Leavitt.

[¶ 4] Shortly after receiving this report, Officer Jenkins began following the vehicle but initially did not turn on any lights or sirens. After Leavitt's vehicle increased speed on hospital property, Officer Jenkins activated both his lights and sirens, and the pursuit of Leavitt ensued. Officer Jenkins called for backup to which Sheriff's Deputy Craig P. Thatcher responded. Thatcher attempted to stop Leavitt at an intersection to no avail.

[¶ 5] For the next several hours a high speed chase took place, taking the officers outside Afton, into Swift Creek Canyon, and into and back out of Idaho. At one point, Deputy Thatcher "semi-blocked" the parking lot of Swift Creek Canyon in an attempt to make Leavitt stop. Leavitt, however, did not stop and instead drove his vehicle directly at Deputy Thatcher. His actions influenced Deputy Thatcher to run behind his vehicle. Leavitt was finally apprehended after two of his tires were flattened by "stop sticks" and his engine caught on fire near Auburn, Wyoming. He was arrested after exiting his vehicle.

[¶ 6] Following a jury trial on February 16–17, 2010, Leavitt was convicted of Count I, Felony Interference with a Peace Officer; Count II, Fleeing or Eluding a Peace Officer; Count III, Fleeing or Eluding a Peace Officer; Count V, Reckless Driving; and Count VI, Possession of Marijuana. Count IV, Reckless Endangering, was dismissed. Leavitt was sentenced to the Wyoming State Penitentiary for not less than one and one-

half years nor more than three years. This appeal followed.

## STANDARD OF REVIEW

[¶ 7] In *Gomez v. State*, 2010 WY 108, ¶ 19, 237 P.3d 393, 398–99 (Wyo.2010), we stated:

> The benchmark for reviewing a sufficiency of the evidence claim is whether the evidence, when viewed in the light most favorable to the State, is adequate to permit a reasonable trier of fact to find guilt beyond a reasonable doubt. We will not substitute our judgment for that of the jury. Instead, we will determine whether a quorum of reasonable and rational individuals would, or even could, have found that the essential elements of the crime were proven beyond a reasonable doubt. *Pryor v. State*, 2009 WY 95, ¶ 7, 212 P.3d 635, 637 (Wyo.2009).

## DISCUSSION

[¶ 8] Leavitt's only issue on appeal is whether the State presented sufficient evidence to the jury to find him guilty of interference with a peace officer in violation of Wyo. Stat. Ann. § 6–5–204(b). Leavitt takes issue with the charge that the State showed he had attempted to inflict bodily injury upon Deputy Thatcher when he drove his pickup directly at the deputy, causing him to run behind his patrol car to avoid being hit. Leavitt argues that his "specific intent" was not proven beyond a reasonable doubt. The State, on the other hand, argues that sufficient evidence existed to convict Leavitt.

[¶ 9] Wyo. Stat. Ann. § 6–5–204(b) (LexisNexis 2009) states in pertinent part:

> (b) A person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is guilty of a felony punishable by imprisonment for not more than ten (10) years.

[¶ 10] In *Garcia v. State*, 777 P.2d 1091, 1095 (Wyo.1989), Garcia similarly appealed that the State's evidence was insufficient regarding his specific intent to cause bodily injury to a police officer. We explained as follows:

In *Fuller* [*v. State*, 568 P.2d 900, 903–904 (Wyo.1977)], we explained that, although the law presumes an individual to generally intend the natural consequences of his actions, it will not presume that he specifically intended any particular consequence. That is, a mere showing that certain conduct occurred which produced a particular result is legally sufficient to establish the actor's general intent. Thus, we explained that the bare fact of assaultive behavior will not give rise to a *presumption* that an assailant had the specific intent to cause any particular harm. . . . We also noted, however, that such specific intent may be properly proven by reasonable *inferences* from the character of such acts and their surrounding circumstances. In particular, the specifics of a defendant's conduct and other circumstantial evidence may permit the jury to infer that he acted with the specific intent to cause bodily injury. [Citations omitted; emphasis in original.]

[¶ 11] The State may prove specific intent by the permissible means of inference from circumstantial evidence. *Garcia*, 777 P.2d at 1096. Furthermore, in *Walter v. State*, 811 P.2d 716 (Wyo.1991), this Court specifically stated that "[o]ne who knowingly drives an automobile directly at another person can reasonably be found to have intended to do bodily injury to that person." *Walter*, 811 P.2d at 721.

[¶ 12] Both Deputy Thatcher and Officer Jenkins testified regarding the incident in Swift Creek Canyon. In fact, the trial transcript clearly shows that ample evidence existed that circumstantially demonstrated Leavitt's mental state. In addition to the Swift Creek Canyon incident, Deputy Thatcher testified that Leavitt almost hit his vehicle at the intersection of 5th and Jefferson Streets in Afton, and again on County Road 238. Officer Jenkins also testified that his vehicle would have been hit by Leavitt in Swift Creek Canyon but for the officer's evasive driving action. Highway Patrolman Andy Jackson also testified that there were several times throughout the pursuit when law enforcement officers were forced to take evasive action to avoid collision.

[¶ 13]   Taking these accounts into consideration, along with the actual Swift Creek Canyon incident, the testimony provides circumstantial evidence from which a reasonable jury could draw an inference regarding Leavitt's general mental state during the night of his arrest.   The question is not whether other inferences would be possible. *Garcia*, 777 P.2d at 1096.   Rather, the question is whether a rational jury could draw this particular inference without entertaining a reasonable doubt as to the truth of the inferred fact. *Id.* Viewing only the State's evidence, and in the light most favorable to the State, we find that a jury could reasonably infer from this evidence the existence of specific intent beyond a reasonable doubt that Leavitt intended to cause bodily injury.

## CONCLUSION

[¶ 14]   The State presented sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Blake Leavitt attempted to inflict bodily injury on a peace officer.   Affirmed.